UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE B. HICKMAN, SR., | No. C-13-2147 EMC (pr) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| COUNTY OF BUTTE; *et al.*, | |
| Defendants. | |

Clarence B. Hickman, Sr., an inmate at the Napa Valley State Hospital, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A, which requires the Court to conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim that is incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).

The complaint in this action is incomprehensible and therefore subject to dismissal as frivolous under § 1915A. In the portion of the form complaint where the plaintiff is directed to write a statement of his claim, Mr. Hickman cited the Eighth Amendment and the habeas corpus statute and then wrote: "All fact to my civil class action law suit please IE officers or U. S. FBI IE officer's

1 or U.S. Marshall IE officers terms IE officers due to conspiracies act of my invalation and designed
2 tryns to take it a way from me." Docket # 1, p. 3 (errors in source).

3      Before dismissing the action, however, the Court will give Mr. Hickman an opportunity to
4 file an amended complaint that states a claim. To state a claim under 42 U.S.C. § 1983, a plaintiff
5 must allege two elements: (1) that a right secured by the Constitution or laws of the United States
6 was violated, and (2) that the violation was committed by a person acting under the color of state
7 law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). For each instance of a constitutional violation, Mr.
8 Hickman should name each person who violated his constitutional right(s), describe what each
9 person did or failed to do that caused a violation of his constitutional right(s), state at which
10 institution the violation occurred, and state when the violation occurred.

11      Mr. Hickman has requested that counsel be appointed to represent him in this action. *See*
12 Docket # 8 ("I need a bono attorney for this case"). A district court has the discretion under 28
13 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional
14 circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an
15 evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate
16 his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these
17 factors is dispositive and both must be viewed together before deciding on a request for counsel
18 under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not
19 evident at this time. The request for appointment of counsel is **DENIED**. (Docket # 8.)

20      For the foregoing reasons, the complaint is **DISMISSED** with leave to amend. An amended
21 complaint must be filed no later than **October 11, 2013**. The amended complaint must include the
22 caption and civil case number used in this Order and the words AMENDED COMPLAINT on the
23 first page. Failure to timely file the amended complaint will result in the dismissal of this action.
24      IT IS SO ORDERED.

26 Dated: September 9, 2013

                                              EDWARD M. CHEN
28                                               United States District Judge

**United States District Court**
For the Northern District of California